**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRIAN WILHELMS,**

>  **Plaintiff,**

>  v.                                                    **CASE NO.  23-3033-JWL**

**MONTGOMERY COUNTY JAIL,**

>  **Defendant.**

<u>**MEMORANDUM AND ORDER TO SHOW CAUSE**</u>

Plaintiff Brian Wilhelms is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff filed this action in the United States District Court for the Eastern District of North Carolina.  This matter was transferred to this Court on February 8, 2023.  (Doc. 4.)

Plaintiff alleges that his claims arose during his pretrial detention at the Montgomery County Jail in Independence, Kansas ("MCJ").  Plaintiff alleges that on October 26, 2020, he sought medical attention for a broken thumb while detained at the MCJ.  (Doc. 1, at 5.)  Plaintiff alleges that he was in excruciating pain and was put in a cell for 72 hours without medical attention before going to the Emergency Room.  Plaintiff alleges that the guards were "mortified" and recognized Plaintiff's issues, but only notified the nurse and told Plaintiff they were not responsible to fix the injury because it was Plaintiff's fault that he was unable to use the phone due to being on lockdown.  *Id*.   Plaintiff names the MCJ as the sole defendant.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536,

539 (1989).  "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action."  *Id.* (internal quotation marks and citation omitted).  In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).  A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

Because Plaintiff's claim accrued on October 26, 2020, and this action was filed on February 6, 2023, it is untimely unless the statute of limitations was tolled.  The Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic.  *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021).  Therefore, Plaintiff's claim is not barred by the statute of limitations.

Plaintiff names the MCJ as the sole defendant.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law."

4

*West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Prison and jail facilities are not proper

defendants because none is a "person" subject to suit for money damages under § 1983.  *See Will*

*v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-

SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–

4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or

legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL

462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not

a 'person' within the meaning of § 1983.").  Plaintiff's claims against the MCJ are subject to

dismissal.

The Court will grant Plaintiff the opportunity to file an amended complaint in which he

names proper defendants.  Plaintiff must allege how each defendant personally participated in the

deprivation of his constitutional rights.  An essential element of a civil rights claim against an

individual is that person's direct personal participation in the acts or inactions upon which the

complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d

1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—

personal participation in the specific constitutional violation complained of is essential.") (citing

*Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must

be based on personal involvement in the alleged constitutional violation.") (citation omitted));

*Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under

§ 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be

established.") (emphasis added) (citation omitted)).  Conclusory allegations of involvement are

not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is

inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3033-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and

show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **March 6, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **March 6, 2023**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated February 9, 2023, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**