IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN WILHELMS,

    **Plaintiff,**

    v.                                               CASE NO. 23-3033-JWL

MONTGOMERY COUNTY JAIL,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff filed this action in the United States District Court for the Eastern District of North Carolina. This matter was transferred to this Court on February 8, 2023. (Doc. 4.) On February 9, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 8). The Court's screening standards are set forth in the MOSC.

**I. Nature of the Matter before the Court**

Plaintiff alleges that his claims arose during his pretrial detention at the Montgomery County Jail in Independence, Kansas ("MCJ"). Plaintiff alleges that on October 25 or 26, 2020, he sought medical attention for a broken thumb while detained at the MCJ. (Doc. 8, at 3.) Plaintiff alleges that he was in excruciating pain and was put in a cell for 18 or 36 hours without medical attention before going to the Emergency Room. *Id.* Plaintiff also had a laceration on his head. *Id.* Plaintiff alleges that the guard that took him to the hospital was mortified, recognized Plaintiff's

1

issues, and could not understand why Plaintiff did not go to the hospital sooner or why Plaintiff was not given any help. *Id*.

Plaintiff alleges that around 10 or 11 am, he notified Officer Harman, and an unknown guard, of Plaintiff's injuries. *Id*. at 4. Plaintiff alleges that his thumb was "bent back to [his] wrist and upside down." *Id*. Plaintiff put in a request for a nurse and received nothing. *Id*. The guards told Plaintiff they notified the nurse. *Id*. Plaintiff was placed on lockdown later that day. *Id*. When Plaintiff asked to go to the hospital, he was told that they did not have to get him any medical attention, that the injury was his fault, and "that is what [you] get when you['re] in jail and fight." *Id*. at 4, 7. Plaintiff alleges that he did not receive medical attention until October 26th or 27th at around 10 to 12 pm. *Id*. at 4. Miss House and a guard took Plaintiff to the hospital. *Id*. They were transporting another female inmate to the hospital so they decided to take Plaintiff too. *Id*. The female inmate had to put Plaintiff's seatbelt on for him. *Id*.

Plaintiff alleges that he had another inmate call Plaintiff's mother, and when she called the jail, she was told that nothing had happened to Plaintiff and he did not need any medical care. *Id*. at 5. Guards told Plaintiff that it was not their job to help him, and they only needed to tell the nurse, which they claim they did. *Id*. at 8. Plaintiff claims the corrections officers would not even get him an icepack or ibuprofen. *Id*.

Plaintiff seeks $300,000 in compensatory damages and "the cost of surgery on [his] hand." *Id*. at 10.

## II. DISCUSSION

"[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same

standard for Eighth Amendment claims applies).  To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Id*. at 989–90 (citations omitted).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 990 (citation omitted).  The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted).  "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff must also satisfy the subjective prong.  The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).  "A plaintiff 'need not show that a prison official acted or failed to act believing that harm actually would befall an inmate,' but rather that the official 'merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.'" *Lucas v. Turn Key*

*Health Clinics, LLC*, ___ F.4th ___, 2023 WL 327846, at *4 (10th Cir. 2023) (quoting *Farmer*, 511 U.S. at 842, 843 n.8).

The Tenth Circuit recently clarified that under the deliberate indifference analysis, "merely doing *something* (with no reference to the underlying condition) does not necessarily insulate one from liability." *Lucas*, 2023 WL 327846, at *5. "Instead, a court may need to determine whether there was the functional equivalent of a complete denial of care in light of the specific circumstances." *Id*. (citations omitted).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the MCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the MCJ to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

    (1)    The MCJ officials shall submit the *Martinez* Report by **April 10, 2023**. Upon the filing of that Report, the Court will screen Plaintiff's Amended Complaint. If the Amended Complaint survives screening, the Court will enter a separate order for service.

    (2)    Officials responsible for the operation of the MCJ are directed to undertake a review of the subject matter of the Amended Complaint:

a.    To ascertain the facts and circumstances;

b.    To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

  c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

 (3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the MCJ officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The MCJ officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

 (4) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

 (5) Authorization is granted to the officials of the MCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

 (6) No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

 (7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Amended Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Montgomery County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report

ordered herein. Upon the filing of that report, the Montgomery County Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to the Montgomery County Sheriff, and to the Montgomery County District Attorney.

**IT IS SO ORDERED.**

**Dated March 9, 2023, in Kansas City, Kansas.**

                                     **S/ John W. Lungstrum**
                                     **JOHN W. LUNGSTRUM**
                                     **UNITED STATES DISTRICT JUDGE**