IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN WILHELMS,

    **Plaintiff,**

v.                                 CASE NO. 23-3033-JWL

MONTGOMERY COUNTY JAIL,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff filed this action in the United States District Court for the Eastern District of North Carolina. This matter was transferred to this Court on February 8, 2023. (Doc. 4.) Plaintiff alleges that his claims arose during his pretrial detention at the Montgomery County Jail in Independence, Kansas ("MCJ"). On February 9, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. The Court screened Plaintiff's Amended Complaint (Doc. 8), and entered a Memorandum and Order (Doc. 9) finding that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the MCJ. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate officials of the MCJ to prepare and file a *Martinez* Report.

The Court's Memorandum and Order provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." The *Martinez* Report (Doc. 13) (the "Report") was filed, and the Court screened Plaintiff's Amended Complaint in light

of the Report. On April 17, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 14) ("MOSC II"), granting Plaintiff until May 15, 2023, in which to show good cause why his Amended Complaint should not be dismissed. Plaintiff has failed to respond by the Court's deadline.

"[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same standard for Eighth Amendment claims applies). To satisfy the subjective prong, the Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).

Plaintiff alleges that on October 25 or 26, 2020, he sought medical attention for a broken thumb while detained at the MCJ. (Doc. 8, at 3.) Plaintiff alleges that he was in excruciating pain and was put in a cell for 18 or 36 hours without medical attention before going to the Emergency Room. *Id*.

The Court found in the MOSC II that Plaintiff failed to show deliberate indifference to his medical needs. The Report shows that Plaintiff was injured during a fight at around 10:35 a.m.; he submitted his medical request at 2:25 p.m.; he was seen by the jail nurse within 90 minutes; and he was transported to the hospital and seen in the emergency room at 6:18 p.m. that same day. Plaintiff's thumb was dislocated, not broken, and he received medication and was released from the hospital that night.

The MOSC II provides that '[f]ailure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim." (Doc. 14, at 5.) Plaintiff has failed

to respond to the MOSC II by the Court's deadline and has failed to show good cause why his Amended Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated May 22, 2023, in Kansas City, Kansas.**

                                       **S/ John W. Lungstrum**
                                       **JOHN W. LUNGSTRUM**
                                       **UNITED STATES DISTRICT JUDGE**